

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,369-01

### EX PARTE FUENAY G. MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 764045-B IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to fifteen months' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that he was denied his right to counsel under the Sixth Amendment because plea counsel had been suspended and was not eligible to practice law in Texas on March 12, 1998, when Applicant pleaded guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Cantu v. State*, 930

S.W.2d 594 (Tex. Crim. App. 1996); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

We may raise laches on our own motion, *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014), and will do so in this case. The trial court shall give Applicant the opportunity to respond and explain his delay in filing this application. After reviewing his response, the trial court shall make findings of fact and conclusions of law as to whether Applicant's claim is barred by the doctrine of laches. The trial court shall also make further findings and conclusions as to whether (1) Applicant was denied his right to counsel because plea counsel had been suspended and was ineligible to practice in Texas when Applicant pleaded guilty, and (2) Applicant was represented by counsel at his adjudication of guilt proceeding. The trial court shall also order the District Clerk to forward a copy of Applicant's removal proceedings to this Court. The trial court shall make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.


Filed: January 27, 2016
Do not publish